UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ADRIENNE FRAZER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-01509 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| MILLENNIUM BANK, N.A., *et al.*, | ) | [Re: Motion at Docket 18] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 18, defendant Millennium Bank, N.A. ("Millennium) moves to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that they are barred by the applicable statutes of limitations.  At docket 21, plaintiff Adrienne Frazer opposes the motion.  Millennium replies at docket 22.  Oral argument was requested, but it would not assist the court.

## II.  BACKGROUND[1]

Adrienne Frazer is the owner of a house located at 10463 East Morning Star Drive, Scottsdale, Arizona 85255.  On August 18, 2006, Ms. Frazer re-financed the house by borrowing $497,250 from Millennium.  Ms. Frazer used the broker services of Family Home Lending Corporation ("FHL").

As part of the loan application process, Ms. Frazer was required to state her yearly income.  Ms. Frazer stated her accurate yearly income.  Millennium and FHL then filled out the loan application for Ms. Frazer.  Millennium and FHL used an inflated income amount on the application in order to fraudulently qualify Ms. Frazer for the loan.  Ms. Frazer was unable to qualify for the loan based on her actual income.  Millennium and FHL did not disclose that they had used an inflated income figure, and Ms. Frazer was not shown the exact yearly income that was used in the loan application.

Based on the loan she received, Ms. Frazer's debt to income ratio "ended up being 121.71%, excessively above the recommended industry standard of 35%."[2]  During the loan closing, Ms. Frazer was "presented with loan documents reflecting that she only qualified for the above described loan."[3]  "At all times, [Ms. Frazer] believed she qualified for her loan based on her actual income."[4]

---

[1]For purposes of this Rule 12(b)(6) motion, the background facts are taken from the factual allegations in plaintiff's compliant, which are taken as true and construed in the light most favorable to plaintiff.

[2]*Id.*

[3]Doc. 1-1 at p. 8.

[4]*Id.*

Ms. Frazer learned that FHL received a kickback of $4,972.50 from Millennium after a forensic review of her loan documents on January 7, 2010.  Millennium gave FHL the kickback in exchange for steering Ms. Frazer into the loan.  In addition, the loan documents indicated the finance charge was $1,452,712.24, whereas the actual finance charge was $1,464,950.27.  The disclosed finance charge understated the finance charge by $12,238.03.

Not surprisingly, Ms. Frazer had difficulty paying her mortgage.  In April 2009, Ms. Frazer received a letter stating that foreclosure proceedings would begin on July 8, 2009, if payment was not received for the stated default amount before that date. Millennium and FHL did not attempt a loan modification "work out" plan with Ms. Frazer, although she had pursued and was willing to participate in such a plan.  Ms. Frazer discovered the false representations made by Millennium and FHL when she consulted with an attorney and had her loan documents reviewed on January 7, 2010.

On July 16, 2010, Ms. Frazer filed a complaint against Millennium, FHL, Mortgage Electronic Registration Systems, Inc., BAC Home Loan Servicing, LP, Bank of America NA, and Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset Backed Certificates Series 2006-BC 5.  Ms. Frazer's complaint alleges claims of intentional misrepresentation, fraudulent concealment, consumer fraud, accounting, breach of fiduciary duty, constructive fraud, and quiet title.  The complaint names Millennium in only two claims - intentional misrepresentation and consumer fraud. Millennium now moves to dismiss Ms. Frazer's intentional misrepresentation and consumer fraud claims as barred by the applicable statutes of limitations.

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.[5] In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[6] "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss."[7] To avoid dismissal under Rule 12(b)(6), plaintiffs must aver in their complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8]

A statute of limitations defense may be raised by a motion to dismiss "[i]f the running of the statute is apparent on the face of the complaint."[9] "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."[10]

---

[5] *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

[6] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[7] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[8] *al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted)).

[9] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

[10] *Id.*

## IV. DISCUSSION

Pursuant to A.R.S. § 12-543, "[a] claim for intentional misrepresentation must be brought within three years after the cause of action accrues."[11] The statute of limitations for intentional misrepresentation begins to run when a plaintiff "knew or by reasonable diligence should have known of the misrepresentation."[12]

Ms. Frazer's intentional misrepresentation claim alleges that Millennium and FHL completed the loan application for her using an inflated income figure made up by Millennium and FHL in order the qualify her for the loan. The complaint further alleges that Millennium did not disclose to Ms. Frazer either that it had used an inflated income figure or the amount of income she would need to actually qualify for and afford the loan. The complaint also alleges that during the loan closing Ms. Frazer was given loan documents indicating that she only qualified for the presented loan. Ms. Frazer maintains that she is entitled to equitable tolling because she was in no position to discover and did not discover the alleged intentional misrepresentations until a forensic review of her loan documents was conducted on January 7, 2010, three and a half years after she received the loan.

Millennium contends that the complaint's allegations that Ms. Frazer was approved for a loan that she could not afford and had difficulty paying her mortgage preclude her contention that she could not have learned of the alleged fraud until

---

[11] *Bank of the West v. Estate of Leo*, 231 F.R.D. 386, 390 (D.Ariz. 2005);.

[12] *Bank of the West*, 231 F.R.D. at 390; *Coronado Development Corp. v. Superior Court of Ariz.*, 678 P.2d 535, 537 (Ariz.App. 1984)("The statute of limitations in a fraud case begins to run when the plaintiff by reasonable diligence could have learned of the fraud, whether or not he actually learned of it.")

January 7, 2010.  Millennium further argues that the fact the loan was not a good fit for her income was enough to put her on inquiry notice.

Under A.R.S. § 12-543(3), a cause of action "shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." Thus, the relevant issue is when Ms. Frazer knew or should have known that the statements in the loan application and other loan documents were false.  Construing the facts in the light most favorable to Ms. Frazer, as the court must on a Rule 12(b)(6),  it appears that Ms. Frazer did not learn of the inflated income level used on her loan application and the fact that she would not have qualified for the loan with her actual income until January 2010.  Moreover, nothing on the face of the complaint indicates when Ms. Frazer, with reasonable diligence, should have known of the alleged misrepresentations.

Millennium next contends that Ms. Frazer admits in her complaint that the alleged fraud was discoverable on the face of the loan document because her claim for intentional misrepresentation states in pertinent part, "Because the fraud is discoverable on the face of the instrument, Defendants Certificate and [Bank of America], as assignee[s] of Millennium, are also liable to [Ms. Frazer]."[13]  Millennium's argument is not persuasive, because the complaint alleges that Millennium and FHL filled out Ms. Frazer's loan application and concealed the fact that they used an inflated income figure to qualify her for the loan.  The complaint further alleges that Ms. Frazer, who is not a mortgage professional, would have been unable to determine whether material

---

[13]Doc. 1-1 at p. 9 ¶ 46.

information was concealed or misstated. Because the running of the statute limitations on Ms. Frazer's intentional misrepresentation claim is not apparent on the face of the complaint, the court will deny Millennium's motion to dismiss based on their statute of limitations defense.

Ms. Frazer's complaint also alleges a claim of consumer fraud against Millennium pursuant to Consumer Fraud Act, A.R.S. § 44-1521. Because a consumer fraud claim is created by statute, a consumer fraud action must be initiated within one year after the cause of action accrues pursuant to A.R.S. § 12-541(3).[14] The discovery rule also applies to an action for consumer fraud.[15] As such, the statute of limitations begins running "when the defrauded party discovers or with reasonable diligence could have discovered the fraud."[16]

Ms. Frazer's consumer fraud claim essentially mirrors the allegations in her intentional misrepresentation claim. Ms. Frazer argues that she is entitled to equitable tolling of the one-year statute of limitations because she "was in no position to discover the aforementioned concealed and/or false information until a forensic review of her loan documents was conducted on January 7, 2010."[17]

Again construing the facts in the light most favorable to plaintiff, her consumer fraud claim is timely because she alleges she first knew of the misrepresentations in January 2010 and filed her complaint in July 2010, and nothing on the face of the

---

[14]*Alaface v. National Inv. Co.*, 892 P.2d 1375, 1380 (Ariz.App. 1994).

[15]*Id.* at 1379.

[16]*Id.* (quoting *Mister Donut of Am., Inc. v. Harris*, 723 P.2d 670, 672 (1986).

[17]Doc. 1-1 at p. 11.

complaint indicates when Ms. Frazer, with reasonable diligence, should have known of the alleged misrepresentations.  Because the running of the statute limitations is not apparent on the face of the complaint, the court will deny Millennium's motion to dismiss Ms. Frazer's consumer fraud claim.

## V.  CONCLUSION

For the reasons set out above, defendant's motion to dismiss at docket 18 is **DENIED**.

DATED this 27th day of October 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE