**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| ADRIENNE FRAZER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-01509 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| MILLENNIUM BANK, N.A., *et al.,* | ) | [Re: Motion at Docket 19] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 19, defendants Mortgage Electronic Registration Systems, Inc., BAC Home Loans Servicing, LP, Bank of America, N.A., and Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset Backed Certificates Series 2006-BC 5 (collectively "the BAC defendants") move to dismiss plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  At docket 23, plaintiff Adrienne Frazer opposes the motion and, in the alternative, moves for leave to file an amended complaint.  Defendants reply at docket 25.  Oral argument was requested, but it would not assist the court.

## II.  BACKGROUND[1]

Adrienne Frazer is the owner of a house located at 10463 East Morning Star Drive, Scottsdale, Arizona 85255.  On August 18, 2006, Ms. Frazer re-financed the house by borrowing $497,250 from Millennium.  Ms. Frazer used the mortgage broker services of Family Home Lending Corporation ("FHL").  Ms. Frazer executed a promissory note and a deed of trust to secure the note with her residence on East Morning Star Drive.

As part of the loan application process, Ms. Frazer was required to state her yearly income.  Ms. Frazer stated her accurate yearly income.  Millennium and FHL then filled out the loan application for Ms. Frazer.  Millennium and FHL used an inflated income amount on the application in order to fraudulently qualify Ms. Frazer for the loan. Ms. Frazer was unable to qualify for the loan based on her actual income.  Millennium and FHL did not disclose that they had used an inflated income figure, and Ms. Frazer was not shown the exact yearly income that was used in the loan application.

Based on the loan she received, Ms. Frazer's debt-to-income ratio "ended up being 121.71%, excessively above the recommended industry standard of 35%."[2] During the loan closing, Ms. Frazer was "presented with loan documents reflecting that

---

[1]For purposes of this Rule 12(b)(6) motion, the background facts are taken from the factual allegations in plaintiff's compliant, which are taken as true and construed in the light most favorable to plaintiff.

[2]Doc. 1-1 at p. 3.

she only qualified for the above described loan."[3]  "At all times, [Ms. Frazer] believed

she qualified for her loan based on her actual income."[4]

Ms. Frazer learned that FHL received a kickback of $4,972.50 from Millennium

after a forensic review of her loan documents on January 7, 2010.  Millennium gave

FHL the kickback in exchange for steering Ms. Frazer into the loan.  In addition, the loan

documents indicated the finance charge was $1,452,712.24, whereas the actual finance

charge was $1,464,950.27.  The disclosed finance charge understated the finance

charge by $12,238.03.

Ms. Frazer had difficulty paying her mortgage.  In April 2009, Ms. Frazer received

a letter stating that foreclosure proceedings would begin on July 8, 2009, if payment

was not received for the stated default amount before that date.  Millennium and FHL

did not attempt a loan modification "work out" plan with Ms. Frazer, although she had

pursued and was willing to participate in such a plan.  Ms. Frazer discovered the false

representations made by Millennium and FHL when she consulted with an attorney and

had her loan documents reviewed on January 7, 2010.

On July 16, 2010, Ms. Frazer filed a complaint against Millennium, FHL,

Mortgage Electronic Registration Systems, Inc. ("MERS"), BAC Home Loan Servicing,

LP ("BAC"), Bank of America, NA ("Bank of America"), and Specialty Underwriting and

Residential Finance Trust Mortgage Loan Asset Backed Certificates Series 2006-BC 5

("Certificate").  Ms. Frazer's complaint alleges claims of intentional misrepresentation,

---

[3]Doc. 1-1 at p. 8.

[4]*Id.*

-3-

fraudulent concealment, consumer fraud, accounting, breach of fiduciary duty, constructive fraud, and quiet title.

Defendants Bank of America, Certificate, BAC, and MERS move to dismiss all of Ms. Frazer's claims against them.  The complaint alleges three claims against Bank of America and Certificate - intentional misrepresentation, consumer fraud, and quiet title; a quiet title claim against MERS; and an accounting claim against BAC.  Ms. Frazer's complaint alleges that Certificate is the assignee of her loan and claims a beneficial interest in the loan, Bank of America owns certificate, and BAC is the company currently servicing the loan.  The complaint does not make any factual allegations concerning MERS.  The BAC defendants indicate that MERS was the original beneficiary under the Deed of Trust.  The BAC defendants also move to join defendant Millennium's motion to dismiss at docket 18; however, that request is moot because Millennium's motion was denied by order dated October 27, 2010.

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.[5]  In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[6]  "Conclusory allegations of law, however, are insufficient to defeat a motion to

---

[5]*De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

[6]*Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

dismiss."[7]  A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[8]  To avoid dismissal under Rule 12(b)(6), plaintiffs must aver in their complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9]

## IV.  DISCUSSION

**Intentional Misrepresentation and Consumer Fraud Claims**

Ms. Frazer's complaint alleges two claims sounding in fraud against defendants Millennium, FHL, Bank of America, and Certificate, a claim of intentional misrepresentation and a claim of consumer fraud.  The BAC defendants first argue that the claims should be dismissed because they are barred by the applicable statutes of limitations.  The court previously denied Millennium's motion to dismiss Ms. Frazer's intentional misrepresentation and consumer fraud claims as time barred on the grounds that the running of the statute of limitations is not apparent on the face of the complaint.[10]  For the same reason, the BAC defendants' request to dismiss Ms. Frazer's intentional misrepresentation and consumer fraud claims as time barred lacks merit.

The BAC defendants next argue that Ms. Frazer's intentional misrepresentation and consumer fraud claims fail to state a claim upon which relief may be granted

---

[7]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[8]B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[9]*al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted)).

[10]*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

-5-

because they are not pleaded with the specificity required by Federal Rule of Civil Procedure 9. Rule 9(b) requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Nine elements are necessary to establish an intentional misrepresentation or fraud claim: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on it; (9) the hearer's consequent and proximate injury."[11] Similarly, a claim for consumer fraud pursuant to A.R.S. § 44-1522 requires a showing of a "misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise."[12]

Here, the act of misrepresentation or concealment alleged in the complaint was Millennium and FHL's use of falsely inflated income figures to qualify Ms. Frazer for a loan she could not afford without disclosing that fact to her. The complaint further alleges that Millennium and FHL understated the finance charge and total cost of the

---

[11]*Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033-1034 (Ariz.App. 2010).

[12]Arizona's Consumer Fraud statute, A.R.S. § 44-1522, provides in pertinent part:

A. The act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice.

loan.  Ms. Frazer contends that Bank of America and Certificate are liable for the fraud "[b]ecause the fraud is discoverable on the face of the instrument."[13]

The complaint fails to state a claim for intentional misrepresentation or consumer fraud against Bank of America and Certificate because it does not allege that either Bank of America or Certificate made the alleged misrepresentation or intended Ms. Frazer to rely on it.  Bank of America and Certificate were not involved in the origination of the loan at issue.  To the contrary, the only factual allegations concerning Bank of America and Certificate indicate defendant Certificate "is the assignee of the loan," "purports to claim a beneficial interest in the loan," and "is a pool of mortgages totaling over $829,000,000.00 which was originally created by Merrill Lynch, which is now owned by [Bank of America]."[14]

**Quiet Title Claim**

Ms. Frazer's complaint alleges a quiet title claim pursuant to A.R.S. § 12-1101 against defendants MERS, Bank of America, and Certificate.  All three defendants move to dismiss Ms. Frazer's claim for failure to state a claim upon which relief may be granted.  The BAC defendants specifically argue that Ms. Frazer's quiet title claim is barred by her failure to tender the amount of the outstanding loan balance.

"[A] court may, in equity, quiet title in the individual that is the rightful legal and equitable owner of real property."[15]  Under Arizona law, "a complaint for an action to

---

[13]Doc. 1-1 at pp. 9, 11.

[14]Doc. 1-1 at p. 4.

[15]*In re Roca*, 404 B.R. 531, 539 (Bkrtcy.D.Ariz. 2009).

quiet title must include an allegation of title in plaintiff."[16]  "[I]f the complaint avers title and then proceeds to set forth facts that do not show title, the specific facts pleaded control."[17]  Here, Ms. Frazer's factual allegations do not demonstrate that she holds title. The complaint alleges that Ms. Frazer "executed a promissory note for the amount borrowed, which was secured by the Deed of Trust."[18]

> Pursuant to Arizona law governing deeds of trust, the trustee holds legal title.[19]

> The Arizona Act defines a trust deed as a deed conveying legal title to real property to a trustee to secure the performance of a contract.  This definitions suggests that the trust deed, unlike the Arizona mortgage will convey title rather than create a lien.  Nonetheless, the trustee is generally held to have bare legal title-sufficient only, to permit him to convey the property at the out of court sale. All other incidents of title remain in the trustor.[20]

Based on the allegations in the complaint, Ms. Frazer is a trustor under A.R.S. § 33-801(11) who has entered into a loan agreement to refinance and purchase the trust property.  Until Ms. Frazer pays off the loan, the trustee or the successor trustee as named by the beneficiary, holds the title in trust.  "Thus, quiet title is not a remedy available to the trustor until the debt is paid or tendered."[21]  Here, it is undisputed that Ms. Frazer has not paid the loan amount, nor has she alleged that she is "ready, willing,

---

[16]*Eason v. IndyMac Bank, FSB*, 2010 WL 1962309, at *2 (D.Ariz. May 14, 2010).

[17]*Id.*; *In re Roca*, 404 B.R. at 539 ("[T]he case law is clear that the facts must support an equitable remedy.")

[18]Doc. 1-1 at p. 2.

[19]*Eason*, 2010 WL 1962309, at *2 (citing A.R.S. § 33-801, *et seq.* (2007)).

[20]*Id.* (quoting *Brant v. Hargrove,* 632 P.2d 978, 963 n.6 (Ariz.App. 1981)).

[21]*Id.*

and able to tender the full amount owed."[22]  For the above reasons Ms. Frazer has

failed to allege a claim for quiet title upon which relief can be granted.

**Accounting Claim**

Finally, Ms. Frazer alleges a claim for an accounting against BAC.  The

complaint alleges that BAC is a successor of Wilshire, and is the loan servicer on the

loan secured by the deed of trust recorded against the real property at issue.

Ms. Frazer contends that "[a]n accounting is necessary to determine if monies are owed

her by way of set-off to the balance of the mortgage or any future claim to damages

claimed by the beneficiary of the note and the identity of each party that claims to have

a beneficial interest in the note."[23]

BAC argues that the accounting claim fails as a matter of law because it does not

allege any special circumstances warranting the equitable relief of an accounting under

Arizona law.  "As a matter of law, an accounting is an equitable claim that is only

employed in certain situations such as where the accounts to be 'resolved are of such

complicated nature that only a court of equity can satisfactorily unravel them.'"[24]

Pursuant to A.R.S. § 33-813, a bank is required to provide plaintiff "a good faith

estimate of the sums which appear necessary to reinstate the trust deed, separately

specifying costs, fees, accrued interest, unpaid principal balance and any other

---

[22]*Id.*; *Farrell v. West*, 114 P.2d 910, 911 (Ariz. 1941) ("In an action to quiet title, the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien, though it be barred by limitation.")

[23]Doc. 1-1 at p. 13.

[24]*First Independent Bank of Nevada v. Mohave State Bank*, 2010 WL 1408890, at *3 (D.Ariz. April 7, 2010).

amounts which are required to be paid as a condition to reinstatement of the trust.

deed."  In her complaint, Ms. Frazer requests an accounting of

> ...information on whether or not the loan was in lawful compliance with all laws regarding disclosure, the identity of all holders of the note secured by the deed of trust, the current party claiming a beneficial interest in the note, the calculation of the principal and interest, information on the appointment of the trustee and all substitute trustees, documentation of all assignments, transfers or sale of the note, copies of all checks or other evidence of payments made by the Plaintiff, all debits and credits to the Plaintiff's accounts, documentation of all mortgage assignments, accounting of all attorney fees, costs and foreclosure fees, and all late charges assessed to the balance of the loan, an accounting of all monies to suspended or forbearance accounts, an accounting of all impounds including taxes and insurance and the fees, charges and commissions paid to all servicers of the account.[25]

However, "there is no statutory requirement that the trustor be supplied with a complete

accounting," and Ms. Frazer has not cited any authority that requires such an

accounting.[26]  Moreover, Ms. Frazer's request for an accounting appears to contain

matters more appropriately obtained through the discovery process.

For the reasons stated above, the complaint fails to allege a claim for an

accounting upon which relief may be granted.

In her response, Ms. Frazer requested leave to file an amended complaint if the

court determined that any of her claims are deficient pursuant to Rule 12(b)(6).  Local

Rule of Civil Procedure 15.1 requires that a party seeking to amend a complaint must

do so by motion or stipulation with an attached copy of the proposed amended pleading

which shows the proposed changes.  Because Ms. Frazer failed to file a proposed

amended pleading indicating any proposed changes, the court denies her request.

---

[25]Doc. 1-1 at p. 12.

[26]*Kelly v. NationsBanc Mortg. Corp.*, 17 P.3d 790, 792-793 (Ariz.App. 2000).

Ms. Frazer is free to file a motion for leave to file an amended complaint that comports with LRCiv. 15.1.

## V.  CONCLUSION

For the reasons set out above, defendant's motion to dismiss at docket 19 is **GRANTED**, and plaintiff's intentional misrepresentation and consumer fraud claims against defendants Bank of America and Certificate, quiet title claim against Bank of America, Certificate, and MERS, and accounting claim against BAC are **DISMISSED**.[27]

DATED this 28th day of October 2010.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[27]Plaintiff's claims of intentional misrepresentation and consumer fraud against defendants Millennium and FHL remain before the court.